# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:10CV410-RJC-DSC

| | |
|---|---|
| DEBRA G. MAYES, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>GRAPHIC PACKAGING )<br>INTERNATIONAL, INC. and )<br>RENEE TIPPENS, )<br>)<br>Defendants. )<br>) | **MEMORANDUM AND RECOMMENDATION** |

**THIS MATTER** is before the Court on Defendant Renee Tippens' "Motion to Dismiss ..." (document #12) filed September 20, 2010. The pro se Plaintiff has not responded to Defendant's Motion and the time for filing a responsive brief has expired.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and the subject Motion is ripe for disposition.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This is an action to recover an unspecified amount of compensatory and punitive damages for unlawful employment discrimination based on gender in violation of Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e ("Title VII").

The pro se Plaintiff worked for Defendant Graphic Packaging International, Inc. ("Graphic Packaging") at its Charlotte, North Carolina plant until July 24, 2009 when she was terminated. Plaintiff's union filed a grievance on her behalf which was settled before arbitration on the basis of reinstatement without back pay. Plaintiff is currently employed by Graphic Packaging. Plaintiff filed her pro se Complaint on August 30, 2010, naming Renee Tippens as an individual Defendant.

Tippens is the manager of the Cutting Department at the Charlotte plant who issued reprimands that led to Plaintiff's termination. Plaintiff alleges that Tippens excused poor performance by male employees, but disciplined Plaintiff for similar conduct.

On September 20, 2010, Defendant filed her Motion to Dismiss citing well-settled authority that employees, even supervisors, are not liable in their individual capacities under Title VII.

Defendant's Motion has been briefed as set forth above and is, therefore, ripe for determination.

## II. DISCUSSION

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1960 (2009), quoting Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. 129 S. Ct. at 1951. "Threadbare

recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1951 (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true), citing Twombly, 550 U.S. at 554-55. Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 1950.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 1951. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id., quoting Fed. R. Civ. P. 8(a)(2). In other words, if after taking the complaint's well-pleaded factual allegations as true, a lawful alternative explanation appears a "more likely" cause of the complained of behavior, the claim for relief is not plausible. Id. at 1951-52.

The undersigned is mindful of the latitude extended to the pleadings of pro se litigants. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (courts should "[c]onstru[e] [a pro se] petitioner's inartful pleading liberally"); and Thompson v. Echols, 191 F.3d 448 (4th Cir. 1999) ("[h]owever inartfully pleaded by a pro se plaintiff, allegations are sufficient to call for an opportunity to offer supporting evidence unless it is beyond doubt that the plaintiff can prove no set of facts entitling him to relief").

In this case, even taking the limited allegations of the pro se Complaint as entirely true and construing every possible inference therefrom in Plaintiff's favor, her Title VII claims against the individual Defendant must be dismissed. The Fourth Circuit Court of Appeals has unequivocally held that employees, even supervisors, are not liable in their individual capacities under Title VII. Lissau v. Southern Food Serv., Inc., 159 F.3d 177, 180 (4th Cir. 1998) ("An analysis of Title VII's language and its remedial scheme leads us to join the other circuit courts and conclude that supervisors are not liable in their individual capacities for Title VII violations.") Accord Wathen v. General Elec. Co., 115 F.3d 400, 406 (6th Cir. 1997); Dici v. Pennsylvania, 91 F.3d 542, 552 (3d Cir. 1996); Haynes v. Williams, 88 F.3d 898, 901 (10th Cir. 1996); Williams v. Banning, 72 F.3d 552, 554 (7th Cir. 1995); Tomka v. Seiler Corp., 66 F.3d 1295, 1317 (2d Cir. 1995); Gary v. Long, 59 F.3d 1391, 1399 (D.C. Cir. 1995); Smith v. Lomax, 45 F.3d 402, 403 n. 4 (11th Cir. 1995); Grant v. Lone Star Co., 21 F.3d 649, 653 (5th Cir. 1994); Smith v. St. Bernards Regional Medical Ctr., 19 F.3d 1254, 1255 (8th Cir. 1994); and Miller v. Maxwell's Int'l. Inc., 991 F.2d 583, 588 (9th Cir. 1993).

The Fourth Court has stated that:

> Title VII exempts small employers; it would be incongruous to hold that Title VII does not apply to the owner of a five-person company but applies with full force to a person who supervises an identical number of employees in a larger company.

Lissau, 159 F.3d at 181. Accord Birkbeck v. Marvel Lighting Corp., 30 F.3d 507, 510 (4th Cir. 1994) (rejecting individual liability under the ADEA).

Accordingly, because Defendant Tippens is not a properly named Defendant as a matter of law, Plaintiff's Title VII claims against her must be dismissed.

## III. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Defendant Renee Tippens' "Motion to Dismiss ... " (document #12) be **GRANTED,** that is, that the Complaint be **DISMISSED WITH PREJUDICE** as to Defendant Tippens.

## IV. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to the pro se Plaintiff; to defense counsel; and to the Honorable Robert J. Conrad, Jr.

**SO RECOMMENDED AND ORDERED.**

Signed: October 13, 2010

David S. Cayer
United States Magistrate Judge