UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10-cv-410-RJC-DSC

| | |
|---|---|
| DEBRA G. MAYES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| GRAPHIC PACKAGING ) | |
| INTERNATIONAL, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

**THIS MATTER** is before the Court on its own motion following the filing of the "Defendant's Motion for Summary Judgment" (Doc. No. 48).

In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Court advises the Plaintiff, who is proceeding pro se, of the heavy burden that she carries in responding to the Defendant's Motion for Summary Judgment.

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is material only if it might affect the outcome of the suit under governing law. Id.

The movant has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal

citations omitted).

Once this initial burden is met, the burden shifts to the nonmoving party. The nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Id. at 322 n.3. The nonmoving party may not rely upon mere allegations or denials of allegations in his pleadings to defeat a motion for summary judgment. Id. at 324. The nonmoving party must present sufficient evidence from which "a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248; accord Sylvia Dev. Corp. v. Calvert County, Md., 48 F.3d 810, 818 (4th Cir. 1995).

If the Plaintiff has any evidence to offer to show that there is a genuine issue for trial, she must now present it to this Court in a form which would otherwise be admissible at trial, i.e., in the form of affidavits or unsworn declarations. An affidavit is a written statement under oath; that is, a statement prepared in writing and sworn before a notary public. An unsworn statement, made and signed under the penalty of perjury, may also be submitted. Affidavits or statements must be presented by Plaintiff to this Court no later than fourteen (14) days from the date of this Order, and must be filed in duplicate. The Plaintiff's failure to respond may result in the Defendant being granted the relief it seeks by way of summary judgment, that is, the dismissal of the Complaint with prejudice.

2

Case 3:10-cv-00410-RJC -DSC   Document 53   Filed 10/07/11   Page 2 of 3

**IT IS, THEREFORE, ORDERED** that:

    1. the pro se Plaintiff shall have fourteen (14) days from the date of this Order, to file her response, including any evidence, to the Defendant's Motion for Summary Judgment; and

    2. the Clerk is directed to send copies of this Order and Notice to counsel for the Defendant; and to the pro se Plaintiff, that is, Debra Mayes, 911 Rolling Green Road, Rock Hill, SC 29730.

Signed: October 7, 2011

*(signature)*

Robert J. Conrad, Jr.
Chief United States District Judge